**MINNESOTA PUBLIC INTEREST RESEARCH GROUP, and Sierra Club, Appellees,**

v.

**Earl B. BUTZ, Individually, and as Secretary of Agriculture, et al.,**

**and**

**Consolidated Papers, Inc., et al., Appellants.**

**Nos. 74–1805, 74–1850 to 74–1852.**

United States Court of Appeals, Eighth Circuit.

Jan. 6, 1975.

BWCA is inadequate, and (2) a provision of the Wilderness Act, 16 U.S.C. § 1133(d)(5), precludes timber harvesting in the BWCA. Appellants request an order consolidating the several appeals and request that the appeals hearing be expedited and scheduled for the next term of this court, which term commences January 6, 1975. We grant the request for consolidation but deny the request to expedite for the reasons stated below.

The district court (Judge Miles Lord) in granting a temporary injunction ruled that "there is a substantial likelihood or probability that the plaintiffs will succeed in their claim that * * * the Wilderness Act requires that timber cutting be prohibited in the virgin forest areas of the BWCA." The district court made no preliminary ruling on the adequacy of the EIS prepared by the Forest Service.

Thus, should we agree with appellants and reverse the order granting a temporary injunction, the trial court could still enjoin timber cutting on a temporary basis because of an alleged inadequacy of the EIS without rendering a final decision on the merits.

Joe A. Walters and Frank J. Walz and Curtis L. Roy, Minneapolis, Minn., represented and made appearance for appellants in this Court.

Jon Jensvold, Minneapolis, Minn., represented appellees but did not make appearance for them in this Court.

Before BRIGHT and WEBSTER, Circuit Judges.

PER CURIAM.

This motion for expediting and consolidating these appeals comes before us as an administrative panel of this court.

The parties named as appellants herein have appealed from an order temporarily enjoining them from the cutting of timber under contract in the Portal Zone of the Boundary Waters Canoe Area (BWCA), Superior National Forest, Minnesota, pending a trial on the merits of claims made by appellees (environmental groups). The appellees seek a permanent injunction against all logging in the BWCA on grounds that (1) the final Environmental Impact Statement (EIS) prepared by the Forest Service of the United States Department of Agriculture covering forest management of the

We take notice that this case has been in the courts since November 1972. Judge Lord initially entered an injunction order banning logging in the BWCA on February 2, 1973. An appeal was taken to this court and on June 10, 1974, we issued our opinion affirming the injunction order but directing that the temporary injunction should terminate upon filing of the final EIS by the Forest Service. Minnesota Public Interest Research Group v. Butz, 498 F.2d 1314 (8th Cir. 1974) (*en banc*). The majority also noted that it did not express any opinion on whether the Wilderness Act authorizes timber cutting in the BWCA. *Id.* at 1325 n. 31.

We view with concern the piecemeal disposition of this case. We are now on the second appeal in this case but no final judgment has as yet been entered.

Because of the shortness of time remaining before our January session, we

are unable to schedule a hearing on this case at said January session. Although we find it necessary to deny the motion to expedite this appeal, we suggest that the issues remaining in this lawsuit be resolved expeditiously on the merits so as to permit either party to appeal from a final judgment.[1]

Pending the present appeal, we authorize the district court to continue with the trial on the merits of this case.

It is so ordered.

---

1. We are aware that Judge Lord is an extremely busy federal judge who is now engaged in the trial of a protracted antitrust case. If Judge Lord is unable to try this case on the merits in the near future, we suggest that he, together with Chief Judge Devitt, consider whether this litigation can be conveniently transferred to another judge who may be able to hear and finally decide it at an early date.